UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 08-257 |
| ROY L. SCHMIDT, III | SECTION "L" |

## ORDER & REASONS

Roy L. Schmidt, III, has filed a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. R. 65. On June 3, 2016, the Court referred the Motion to Vacate to the newly created Screening Committee ("Johnson Screening Committee"), which was formed to deal with the issues raised by the recent opinion in *Johnson v. United States*, 135 S. Ct. 2251 (2015). R. 67. The Screening Committee found that one of Schmidt's former convictions does not qualify as a violent/felony crime of violence under either the force or enumerated clauses, so Schmidt lacks the requisite number of predicate convictions to be classified as an armed career criminal. Having reviewed the Screening Committee's Report and the applicable law, the Court now issues this Order & Reasons.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 131 S. Ct. 2267 (2015). The Supreme Court declared the residual clause of the ACCA, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), to be "unconstitutionally vague," because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States,* 550 U.S. 192 (2007), and *Sykes v.*

*United States*, 131 S. Ct. 2267 (2011). Further, the Supreme Court in *Welch* held that the new rule announced in *Johnson* is substantive and has retroactive effect under *Teague* in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Under 28 U.S.C. § 2255, a petitioner is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Schmidt is entitled to relief on all these grounds. In light of *Johnson*, and as found by the Sentencing Committee, Mr. Schmidt does not have three prior convictions that qualify as ACCA predicate offenses. His current ACCA sentence, therefore, exceeds the 10-year statutory maximum for a non-ACCA offense and violates due process. *See United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009) (holding that an erroneous ACCA sentence that exceeds the statutory maximum is not only illegal, but violates due process and results in a fundamental miscarriage of justice). Therefore,

**IT IS ORDERED** that Schmidt's Judgment, R. 61, is hereby **AMENDED** as follows: Schmidt's sentence is amended to the applicable statutory maximum penalty for Mr. Schmidt's felon with a firearm offense—ten years of incarceration and three years of supervised release.[1] 18 U.S.C. § 922(g)(1).

New Orleans, Louisiana this  10th  day of August, 2016.

_____
**UNITED STATES DISTRICT JUDGE**

---

1 Mr. Schmidt has waived his right to be present at his resentencing.